## BELL v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 24, 1922. Rehearing Denied December 15, 1923.)

No. 3898.

1. **Arrest** ⬡≈>63(3)—**Intoxicating liquors** ⬡≈>249—**Arrest of defendant while unlawfully transporting liquor authorizes seizure of liquor.**

The arrest of defendant while in the act of unlawfully transporting liquor, as he admitted, and seizure of the liquor, without a warrant, was legal.

2. **Intoxicating liquors** ⬡≈>222—**Information for unlawful transportation held sufficient.**

An information charging transportation of liquor and having possession of liquor, in violation of National Prohibition Act, *held* sufficient, where it alleged that it was not for any one of the several purposes for which transportation or possession is authorized by the act.

3. **Criminal law** ⬡≈>984—**Fine may be imposed on two counts for unlawful transportation and possession of liquor.**

A fine may lawfully be imposed on a defendant on each of two counts, one charging unlawful transportation of liquor, and the other its unlawful possession.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Criminal prosecution by the United States against J. T. Bell. Judgment of conviction, and defendant brings error. Affirmed.

W. B. Harrell and Jed C. Adams, both of Dallas, Tex., for plaintiff in error.

Henry Zweifel, U. S. Atty., and H. L. Arterberry and Ben P. Allred, Asst. U. S. Attys., all of Fort Worth, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The information in the above-stated case contained two counts. The first charged the plaintiff in error, Bell, with a violation of the National Prohibition Act (41 Stat. 305), in transporting 15 gallons of intoxicating liquor for beverage purposes from Mt. Pleasant, Tex., to the Con Henderson farm, in Tarrant county. The second count charged him with unlawfully having in his possession 15 gallons of whisky for beverage purposes, in violation of said act. Each count charged that said liquor did not come within any of the exceptions or exemptions of said act of Congress providing for the lawful possession thereof, and said possession was not for sacramental, scientific, mechanical, or medicinal purposes.

A demurrer was interposed to each of said counts upon two grounds: First, that neither of said counts charged any offense against the laws of the United States; second, that each count failed to charge an offense under said laws, and failed to advise defendant of the element of the offense or the exact nature thereof. On the trial this demurrer was overruled.

On the trial it appeared that certain prohibition officers, armed with a search warrant therefor, were searching the premises of the Con

⬡≈>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

285 F.—10

Henderson farm for intoxicating liquor and a still. While said search was in progress, Bell was seen approaching said farm in an automobile, and drove therein up to the officers. When the defendant drove up, the officers discovered that he had three 5-gallon bottles or jugs of whisky in his car. Bell remarked, "Well, I guess you have got me this time." Thereupon he was arrested by the prohibition officers and the liquor seized. The defendant interposed a motion, seeking the return to him of the whisky seized, upon the ground that it had been seized without warrant and without his consent, in violation of his rights under the Fourth and Fifth Amendments of the Constitution of the United States, which motion was overruled.

The defendant was convicted and sentenced by the court first to pay a fine of $500; such sentence being stated to be generally on both counts of the information. Upon the defendant's insistence that the court should specify on which ground of the indictment such fine was assessed, the court adjudged said fine to be paid on the second count of said information, and further imposed an additional penalty of $250 on the first count of said information.

[1] 1. We do not think there was any error in refusing to return the whisky found in said automobile, or in permitting the officers to testify as to this occurrence and what was then said. So far as the record discloses, the officers were engaged under a valid search warrant in searching the Con Henderson farm for an illicit still and liquor unlawfully made. While so engaged, the defendant was seen approaching along a road, drove into said farm, and had with him then and there 15 gallons of whisky, as to which he made a statement admitting that he had it unlawfully. It was plain that he was transporting it at the time when the officers first saw him. They arrested him and the automobile in the very act of commission of the crime, and therefore lawfully took possession of him and the whisky. Lambert v. United States (C. C. A.) 282 Fed. 413; McBride v. United States (C. C. A.) 284 Fed. 416.

Had he made no statement, the other evidence was sufficient, without more, to have made out a case of unlawful possession and transportation. Coupled with his confession, it was abundant evidence that the offense of illegal possession and transportation was being then and there committed. The whisky seized and the automobile in which it was being transported were lawfully taken possession of by the government for the purpose of sequestration and disposition under the National Prohibition Act.

[2] 2. We think the information is sufficient. The first count charges the transportation of said whisky in violation of the National Prohibition Act. It charges that said transportation did not come within any of the exceptions or exemptions providing for the lawful transportation of intoxicating liquor, and in our opinion sufficiently put the defendant upon notice of what the government proposed to prove. It was immaterial for what purpose it was being transported, if it was not being transported for one of the exceptions or exemptions of said act of Congress providing for its lawful transportation. We also think that the second count of said information is suffi-

cient. It charged the defendant with having in his possession intoxicating liquor for beverage purposes unlawfully; said possession not being for any of the reasons permitted in said act of Congress for the lawful possession thereof, and said possession not being for sacramental, scientific, mechanical, or medicinal purposes. This is our opinion sufficiently put the defendant upon notice of the violation of the National Prohibition Act with which he was charged in this count.

[3] 3. The only point urged in plaintiff in error's brief against the action of the court in assessing the fine of $500 on the count for transportation and $250 on the count for having in possession is that transportation necessarily involves possession, and that therefore a conviction for transportation involves the offense of possession. We do not think this point is well taken. A person may be in unlawful possession of intoxicating liquor for beverage purposes, and never transport or sell it, as where he has it in possession in an unlawful place. That, having it in possession unlawfully, he should afterwards transport it, unlawfully, involves the commission of two unlawful acts, each violative of the National Prohibition Act, and the court on an accusation, both for unlawful possession and unlawful transportation, in separate counts, could properly impose punishment on each count on a verdict finding the defendant guilty upon each. Massey v. United States (C. C. A.) 281 Fed. 295.

The judgment of the District Court is affirmed.