## UNITED STATES v. ONE WHITE ONE-TON TRUCK et al.

(District Court, W. D. Washington, S. D. February 27, 1925.)

No. 4622.

**1. Internal revenue ⬅2—Rev. St. § 3450, not repealed as applied to intoxicating liquors.**

Rev. St. § 3450 (Comp. St. § 6352), providing inter alia, for forfeiture of vehicles used in removal of property with intent to defraud the United States of the tax thereon, was in effect re-enacted as applied to intoxicating liquors by National Prohibition Act, tit. 3, § 18 (Comp. St. Ann. Supp. 1923, § 10138¾q), and Supplemental Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c).

**2. Internal revenue ⬅12—All distilled spirits are subject to federal tax.**

Under Revenue Act 1919, § 600, as amended by Act Nov. 23, 1921, § 600 (Comp. St. Ann. Supp. 1923, § 5986e), and section 604 (Comp. St. Ann. Supp. 1919, § 5986j), all distilled spirits produced in or imported into the United States are subject to a federal tax.

**3. Internal revenue ⬅42—Nonpayment of federal tax on liquor seized in vehicle in dry territory presumed.**

Where intoxicating liquor is seized while being transported in a closed vehicle, in a state having a "bone dry" law, the presumption is that the federal tax thereon has not been paid, whether the liquor is of domestic or foreign manufacture.

Suit for forfeiture by the United States against one White one-ton truck; the J. F. Hickey Motor Car Company, mortgagee, claimant. Decree of forfeiture.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash.

Bates & Peterson, of Tacoma, Wash., for J. F. Hickey Motor Car Co., claimant.

CUSHMAN, District Judge. The information alleges that the above-described automobile was seized by a deputy collector of internal revenue on September 4, 1924, for a violation of section 3450, R. S., Comp. Stat.

§ 6352; that on said day, prior to seizure, it was used in the removal, and for the deposit and concealment of 60 sacks of distilled spirits.

The evidence shows the execution of a chattel mortgage upon the automobile to claimant, in December, 1923, by which it was sold and conveyed to claimant conditioned to secure the payment of $2,942.66 evidenced by 18 promissory notes, 10 of which remain unpaid. The evidence further shows the rear portion of the automobile to have been inclosed; that because of this the nature of its contents could not readily be seen from its exterior, if at all; that at the time of its seizure, in order for the officers to gain an entrance to the portion of the truck containing the liquor, it was necessary to force the rear doors. The truck was being used in carrying distilled spirits without notice to, or knowledge on, the part of claimant; it was in bottles, many of them having labels indicating that it was of foreign manufacture. No other evidence was offered by the libelant or claimant that the taxes on the distilled spirits had not been paid.

[1] These facts are sufficient to show that the automobile was a "carriage" and "conveyance * * * used * * * for the deposit and concealment" of the distilled spirits. Section 3450, R. S., was re-enacted, in effect, by 41 Stat. at Large, p. 322; section 18, tit. 3, chapter 85, Laws of 1919, and section 5, chapter 134, of the Laws of 1921, 42 Stat. at Large, p. 223; Comp. Stat. Ann. Supp. 1923, §§ 10138¾q and 10138⅘c; United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358.

[2] Under section 600 of the Act of 1919, 40 Stat. at Large, p. 1105, as amended Nov. 23, 1921, § 600 (Comp. Stat. Ann. Supp. 1923, § 5986e), all distilled spirits in bond which have been or may hereafter be produced in, or imported into, the United States are made subject to a certain internal revenue tax, with the exception of a certain class of distilled spirits made subject to a tax in a different amount under section 604 of the Revenue Act of 1919, 40 Stat. at Large, p. 1107; Comp. Stat. Ann. Supp. 1919, § 5986j. The distilled spirits carried in the automobile were by the foregoing expressly made subject to a specific tax.

[3] It has been contended upon behalf of claimant that the burden of showing a nonpayment of the tax rests upon libelant. These spirits were fit for beverage purposes, and contained one-half or more than one-half of 1 per cent. of alcohol by volume, the importation, manufacture, transportation,

sale, and possession of which are prohibited by the Volstead Act. Section 1, par. 813, of the Tariff Act of 1923, 42 Stat. at Large, p. 898; Comp. Stat. Ann. Supp. 1923, § 5841a, provides:

"No wines, spirits, or other liquors or articles provided for in this schedule containing one-half of 1 per centum or more of alcohol shall be imported or permitted entry except on a permit issued therefor by the Commissioner of Internal Revenue, and any such wines, spirits, or other liquors or articles imported or brought into the United States without a permit shall be seized and forfeited in the same manner as for other violations of the customs laws."

The court takes judicial notice of the fact that the Commissioner of Internal Revenue will not issue such a permit for the importation of such spirits into a state having what is popularly known as a "bone dry" law, as has the state of Washington. Under such conditions there is no presumption warranted in law that spirits so seized have paid the tax; rather, the only presumption reasonably warranted is that the tax has not been paid.

Section 3333, R. S.; Comp. Stat. § 6130, provides:

"Whenever seizure is made of any distilled spirits * * * in respect to which the owner or person having possession, control, or charge of said spirits, has omitted to do any act required to be done, or has done or committed any act prohibited in regard to said spirits, the burden of proof shall be upon the claimant of said spirits to show that no fraud has been committed, and that all the requirements of the law in relation to the payment of the tax have been complied with."

It is not necessary to determine whether this statute is applicable to a case such as the present where a claim is made to the automobile and not the spirits. As the ordinary and natural result of the manner of carriage was to conceal from the officers of the internal revenue the nature of the article carried, and thereby hinder and prevent the collection of the tax due thereon, the presumption is warranted, in the absence of controverting evidence, that the deposit and concealment in the truck were with intent to defraud the United States of the tax which was due upon these distilled spirits, whether they were of domestic or foreign manufacture. United States v. Stafoff, supra; Goldsmith-Grant Co., v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376.

Decree of forfeiture as prayed.