## EARL et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 23, 1925.)

No. 4362.

1. **Searches and seizures ⊂══7—Search of automobile and seizure of liquor held not unreasonable, though without warrant; "house."**

Where officers, with information as to defendants' liquor business, watched garage for several hours, and after seeing heavily loaded automobile enter and doors lock behind it, knocked, were admitted, and seized liquor in car, *held*, seizure, though under insufficient warrant, was not unreasonable, nor was garage, which was located under dwelling house, though entirely unconnected with it, a "house," within meaning of constitutional amendment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, House.]

2. **Indictment and information ⊂══191(½) — Charge of possession of intoxicating liquor is not included within charge of "transportation."**

Charge of possession of intoxicating liquor is not included within charge of "transportation."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transport—Transportation.]

3. **Intoxicating liquors ⊂══138, 139—Possession and transportation are distinct offenses.**

Possession and transportation of intoxicating liquors are distinct offenses, both of which the law penalizes.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

John Earl and John Johnson were convicted of violations of Prohibition Act, and they bring error. Affirmed.

J. L. Finch, of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The writ of error here presents the question whether evidence relating to a large quantity of intoxicating liquor seized by federal prohibition agents was admitted in violation of the constitutional rights of the plaintiffs in error. The seizure was made under a search warrant, but the sustaining affidavit for the warrant was insufficient to justify its issuance.

[1] We are of the opinion that, under the circumstances disclosed in the evidence, a search warrant was unnecessary, and that the case discloses no unreasonable search or seizure. The seizure was made in a garage, which the plaintiffs in error occupied under a lease. The garage was the basement of a dwelling house, with which it was wholly unconnected, and which was leased to and occupied by other tenants. So far as it concerns this case, the garage was in the position of a detached building, occupied and used only for garage purposes. The prohibition agents had information that it was used by persons "engaged in bootlegging business exclusively." On the day of the seizure the officers, after watching the premises for about four hours, saw the plaintiffs in error approach the garage from the north in an automobile, which was covered with mud and heavily loaded, and saw them enter the garage with the automobile, and knew that immediately they locked the doors. The officers knocked, the doors were opened, and the officers went in, and, seeing the liquor in the car, they seized it.

With the knowledge which they possessed of the apparent violation of the law, the officers would have been justified in intercepting the automobile and searching it before it entered the garage. Milam v. United States (C. C. A.) 296 F. 629; United States v. Fenton (D. C.) 268 F. 221; United States v. Bateman (D. C.) 278 F. 231; United

States v. Rembert (D. C.) 284 F. 996; Ash v. United States (C. C. A.) 299 F. 277. We cannot see that their authority to make the seizure was diminished by the fact that the automobile was taken into the garage. A garage, such as that in question here, is not a "house," within the protection of the constitutional amendment. It is no more immune from search than would be a barn or other outbuilding. In United States v. McBride (D. C.) 287 F. 214, it was held that the prohibition against unreasonable search is not violated by the search of a stable. In the arrival of the automobile, mud-covered and heavily laden, coming from the north, the source of supply of liquors, and the prompt locking of the doors from the inside as soon as the automobile entered the garage, the officers had visual evidence of the commission of a crime in their presence.

[2, 3] We find no merit in the contention that the charge of possession is included in the charge of transportation, or that the plaintiffs in error could not be held to answer for both. The evidence to prove possession would not be sufficient to sustain the charge of transportation. Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489. Possession and transportation of intoxicating liquors are distinct offenses, and the law penalizes both. Bell v. United States (C. C. A.) 285 F. 145; Massey v. United States (C. C. A.) 281 F. 295; Singer v. United States (C. C. A.) 288 F. 695.

The judgment is affirmed.