## GRACIE v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. November 5, 1926.)

No. 2044.

**1. Intoxicating liquors ⟨⟩247—Discovery of mash by prohibition agent, entering yard and peering through aperture in wall of building not residence, violated no constitutional rights of occupant.**

That prohibition agent in obtaining evidence for affidavit for search warrant went on defendant's premises and looked through window, after detecting odor of mash, *held* not violation of defendant's constitutional rights.

**2. Intoxicating liquors ⟨⟩236(19).**

Evidence *held* to sustain conviction for unlawful possession of property for manufacture of intoxicating liquors for use in violating National Prohibition Act, tit. 2 (Comp. St. § 10138½ et seq.), and for unlawful manufacture thereof.

**3. Searches and seizures ⟨⟩3.**

Commissioner must exercise own judgment as to whether facts in affidavit constitute probable cause for search warrant, and determination is conclusive, unless judgment is arbitrarily exercised.

**4. Criminal law ⟨⟩984.**

Count alleging unlawful possession of property for manufacture of intoxicating liquor is separate offense from count alleging manufacture, authorizing judgment on each.

**5. Criminal law ⟨⟩30.**

When evidence is sufficient to sustain conviction for possession of property for manufacture, there is no merger of count charging that offense with count charging manufacture.

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

George Gracie was convicted of unlawful possession of property for manufacture of intoxicating liquor, and of unlawful manufacture thereof, and he brings error. Affirmed.

Daniel T. Hagan, of Providence, R. I. (John J. Rosenfeld and Charles A. Kiernan, both of Providence, R. I., on the brief), for plaintiff in error.

Joseph E. Fitzpatrick, Asst. U. S. Atty., of Providence, R. I. (John S. Murdock, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. Upon a criminal information by the United States attorney for the district of Rhode Island, the plaintiff in error, hereinafter called the defendant, was convicted, under the first count, of unlawful possession of property designed for the manufacture of intoxicating liquors intended for use in violating title 2 of the National Prohibition Act (Comp. St. § 10138½ et seq.), under a second count, of the unlawful manufacture of intoxicating liquors, and, under a third count, of the unlawful possession of intoxicating liquors. He was sentenced by the court to pay a fine of $100 under the first count, and to a term of imprisonment of three months under the second count. The court ruled that the third·count of the information was merged in count 2, and an order of nolle prosequi was entered as to the third count.

The following facts are disclosed by the record:

James J. Walsh, a federal prohibition agent, testified that on the 16th day of February, 1926, he made a personal visit to the premises occupied by the defendant in the city of Cranston, in the state of Rhode Island, because he had been in the vicinity of these premises on several occasions, and had detected the odor of mash while in the neighborhood; that he was not positive where the odor was coming from, and in order to ascertain he went upon the premises of defendant, through an open gate, and passed from the gate a distance of about 150 feet to a building occupied by the defendant; that he peeked through the windows of this building; that, by putting his face to a crack in the door, he detected the odor of mash, and saw a vat in the building steaming and two or three barrels of empty beer bottles outside the build-

ing, and that he heard a noise in the building like that made by a bottle capping machine; that he thereupon applied for a search warrant to search the building, which was issued upon an affidavit filed by him stating the above facts, and upon this warrant 18½ full barrels of beer, 3 half barrels, and property designed for use in the manufacture of intoxicating liquor were seized.

At the time of the seizure the defendant told the prohibition agent that he was experimenting in the manufacture of beer and admitted that he was the occupant of the premises.

At the conclusion of the government's testimony a motion was made for a directed verdict by the defendant, on the ground that the search and seizure were unlawful, and there was no evidence before the court upon which the defendant could be found guilty. This motion was renewed by him at the conclusion of all the evidence, and he asked that the search warrant be quashed, and all the evidence procured by the seizure under it ruled out. These motions were overruled, and the defendant excepted.

It was not contended that the search or seizure was made in an unlawful manner, but that the affidavit upon which the search warrant was based was obtained by an unlawful entry upon the premises of the defendant.

[1] The affidavit is as follows:

"I, James J. Walsh, federal prohibition agent, and the above-named complainant, on oath depose and say that on the 16th day of February, 1926, I made a personal visit to the above described premises in the city of Cranston, R. I., mentioned in the foregoing application ·for search warrant, when I saw shades down on all windows in said one-story building, saw steam coming out of chimney of building, detected the odor of mash coming through the crack of the door, saw a vat in the building steaming, saw two or three barrels of empty beer bottles outside the building, and heard a noise in the building like the noise of the operation of a bottle capping machine."

The commissioner before whom the affidavit was made found probable cause for the issue of a search warrant. Before trial the defendant filed a motion to quash the search warrant on the ground that the facts set forth in the affidavit were unlawfully obtained. This motion was called for hearing on the next day after it was filed, and, no person answering for the moving party, the case was called for trial before a jury. It would appear from the record, therefore, that the defendant did not press his motion before the

court until the trial, and, as the assumption is that the court proceeded regularly, that opportunity and notice were given to the defendant to be heard. The contention that the evidence upon which the officer's affidavit was based was unlawfully obtained, because in violation of the defendant's constitutional rights, has no merit.

All that the prohibition agent did was to pass through an open gate into the yard about a building from which he thought he detected, by his sense of smell, the odor of fermenting mash. He did not attempt to enter the building, but, as the shades to the windows were drawn, he looked through a crack in the door and saw what was going on within. He had reasonable grounds to believe that there was violation of law in the building, and his entry through the gate and upon the premises of the defendant, without a warrant for the purpose of ascertaining whether the odor which he had detected came from this building or not, was justified. He made no attempt to enter the building, although as it was not a private dwelling, he might have done so, and arrested the defendant for the commission of a crime in his presence; but he procured a search warrant authorizing him to do so.

It was the duty of the commissioner to consider the affidavit of the officer and determine whether, in his opinion, probable cause existed for issuing a search warrant. This he did, and the seizure was made under it.

[2] The warrant is not attacked for insufficiency in any respect, nor is it alleged that in its service any unlawful acts were committed. The evidence secured was ample to justify the conviction of the defendant. Upon no tenable theory should he be allowed to escape the consequences of his guilt as a compensation for an alleged technical trespass committed by the applicant for the warrant in obtaining the information upon which his affidavit to procure it was based.

[3] Upon the determination by the commissioner of whether probable cause existed for the issuance of a warrant, he is to exercise his own judgment whether the facts alleged in the affidavit constitute probable cause, and, unless this judgment is arbitrarily exercised, his determination that probable cause exists is conclusive. Ex parte Burford, 3 Cranch, 453, 2 L. Ed. 495.

[4] We think the evidence secured by the search and seizure under the warrant was competent. While the jury returned a verdict of guilty under the count alleging unlawful possession of intoxicating liquor, as well as under the count alleging unlawful manufacture, a nolle prosequi was entered as to the former and judgment was entered only upon the count alleging unlawful possession of property designed for the manufacture of intoxicating liquor and that alleging its manufacture. These are separate offenses, and a judgment of guilty was properly entered under each count and a penalty imposed.

[5] The property seized consisted in part of bales of hops, barrels of malt, coloring matter, and other material, which, found in connection with the apparatus seized, was sufficient evidence upon which to sustain the verdict of the jury that they were designed for the manufacture of intoxicating liquor, which would constitute no part of that for the manufacture of which there was a verdict of guilty under the second count. There was therefore no merger of the count charging unlawful possession of property designed for the manufacture with that charging manufacture, and the request to so rule was properly refused.

The judgment of the District Court is affirmed.