## COMMERCIAL CREDIT CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 14, 1927.)

No. 4915.

Internal revenue ☞46—Automobile cannot be forfeited under statute relating to internal revenue, where driver has been convicted under National Prohibition Act (Rev. St. §§ 3450 [Comp. St. § 6352]; National Prohibition Act [Comp. St. § 10138¼ et seq.]).

Where driver of car transporting intoxicating liquors has been convicted under National Prohibition Act (Comp. St. § 10138¼ et seq.), the car can be disposed of only in accordance with that Act, and cannot be forfeited under Rev. St. § 3450 (Comp. St. § 6352), relating to internal revenue.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

Proceeding by the United States for forfeiture of one Gardner coach automobile and accessories. From a decree of forfeiture, the Commercial Credit Company, claimant, appeals. Reversed.

John J. Kennett, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. This is an appeal from a decree of forfeiture of an automobile, made under the provisions of section 3450 of the Revised Statutes (Comp. St. § 6352). That section, in part, provides:

"Whenever any goods * * * in respect whereof any tax is or shall be imposed, * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax * * * every * * * conveyance whatsoever * * * used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

On January 17, 1925, appellant's assignor delivered the automobile in question to one Carrie Holland under a conditional sale contract, which provided that title should remain in the vendor or its assigns until payment in full had been made. On October 3, 1925, federal prohibition agents stopped the car, in which were riding Carrie Holland, her husband, and a third person, and found in it certain intoxicating liquor. Holland and her companions were charged with unlawful possession and transportation of said intoxicating liquor, and they were convicted on both counts. The government then instituted the present proceeding for the forfeiture of the automobile, upon allegations that the vehicle seized was by its occupants being used for the purpose of removing and concealing a quantity of distilled spirits, with intent to defraud the United States government of the tax due thereon.

It is not denied that appellant and its assignor are innocent of any wrong, nor that they were unaware of any intended unlawful use of the automobile, or that it had been put to such use; and it is apparent that the effect of the proceeding under section 3450 will be to defeat appellant's interest in the seized vehicle—an interest which, under the circumstances, the proceeding for the disposition of a seized vehicle under the National Prohibition Act (Comp. St. § 10138¼ et seq.), recognizes and protects. In this behalf it is contended by the appellant that the present proceeding is not available to the government, but that it must proceed under the provisions of said act.

Upon an extended consideration of this question, the United States Supreme Court recently held in accordance with this contention in the case of Port Gardner Investment Co. v. U. S. (decided November 23, 1926) 47 S. Ct. 165, 71 L. Ed. ——. There the material facts were identical with those before us in this case; and, in view of conflicting decisions upon the points involved by various Circuit Courts of Appeal, the following question, among others, was certified to the Supreme Court: "Did the prosecution of the driver of the car under the National Prohibition Act constitute an election by the government to proceed under [title 2] section 26 of the act [Comp. St. § 10138½mm], and thereby prevent the forfeiture of the car under section 3450 of the Revised Statutes of the United States?"

The Supreme Court, in answering the

question, said: "The disposition of the automobile prescribed in section 26 became mandatory after Neaudeau's [the driver's] conviction; and, being inconsistent with the disposition under section 3450, precluded resort to proceedings under the latter section. Construing the fifth question (that above set out) as referring to the prosecution with effect, we answer the question in the affirmative."

The situation presented in the case before us being identical with the one there considered, the rule thus announced is applicable, and necessitates the reversal of the decree. It is so ordered.