## COMMERCIAL CREDIT CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 21, 1927.)

No. 4916.

1. **Criminal law** ⊜➔163—**Conviction for possessing liquor held not to bar proceedings for forfeiture of automobile for concealing therein tax-unpaid liquor to evade tax (Comp. St. § 6352; National Prohibition Act, tit. 2, §§ 3, 26, 29 [Comp. St. §§ 10138½aa, 10138½mm, 10138½p]).**

Conviction of unlawful possession of liquor under National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), *held* not a bar to proceedings for forfeiture, under Rev. St. § 3450 (Comp. St. § 6352), for concealing tax-unpaid liquor in automobile, with intent to evade payment of tax, since conviction under National Prohibition Act, tit. 2, § 3, is punishable under section 29, tit. 2 (Comp. St. § 10138½p), and does not entail disposition of automobile provided by section 26, tit. 2 (Comp. St. § 10138½mm).

2. **Criminal law** ⊜➔200(1)—**Two acts, involved in one transaction, may be separately punished.**

Two acts, made penal, may be separately punished though both are involved within one transaction.

3. **Internal revenue** ⊜➔46—**Evidence held to sustain trial court's conclusion that tax on liquor had not been paid (Comp. St. § 6352).**

Evidence *held* sufficient to sustain trial court's conclusion that tax required by Rev. St. § 3450 (Comp. St. § 6352), on intoxicating liquor had not been paid.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

Forfeiture proceeding by the United States against one Ford coupé, etc., claimed by the Commercial Credit Company. Decree of forfeiture, and claimant appeals. Affirmed.

John J. Kennett, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. This case differs in only one respect from that bearing the same title and numbered 4915, decided February 14, 1927, 17 F.(2d) 483, in that the driver of the seized automobile, although charged with both illegal possession of intoxicating liquor and transportation thereof, was prosecuted only for the offense first named, upon plea of guilty and conviction of which the government dismissed the other charge.

Several points urged as grounds for reversal of the decree of forfeiture of the automobile here entered have, since the submission of the appeal, been decided by the Supreme Court adversely to the contentions of appellant (U. S. v. One Ford Coupé Automobile [decided November 22, 1926] 47 S. Ct. 154, 71 L. Ed. ——) those contentions being:

(1) That at the time of the seizure of the vehicle there was no tax imposed upon intoxicating liquor for beverage purposes;

(2) That section 3450 of the Revised Statutes was repealed by the enactment of the National Prohibition Act, in so far as it related to the transportation and possession of intoxicating liquors;

(3) That if a tax exists on intoxicating liquors there is no duty on any one other than the person removing the liquor from a bonded warehouse or distillery to pay the tax; and

(4) That section 3450 of the Revised Statutes has no application to a removal, deposit, or concealment of distilled spirits from a place other than a distillery warehouse, bonded warehouse, or place where liquor may be legally kept, without a tax being paid thereon.

The further point is made by appellant that a prosecution and conviction, under the provisions of the National Prohibition Act (Comp. St. § 10138¼ et seq.), of the vendee in possession of an automobile at the time it was seized, constitutes a bar to forfeit the automobile under Rev. St. § 3450 (Comp. St. § 6352).

This question was recently decided by the Supreme Court in Port Gardner Investment Co. v. U. S., 47 S. Ct. 165, 71 L. Ed. ——. There the driver of an automobile seized by prohibition agents was charged with possession and transportation of intoxicating liquor in violation of the National Prohibition Act. He pleaded guilty to both charges and was sentenced to pay a fine. Thereupon a proceeding similar to this was commenced to forfeit the automobile. This court, upon the case reaching it, by writ of error, certified to the Supreme Court, among others, the following question:

"Did the prosecution of the driver of the car under the National Prohibition Act constitute an election by the government to proceed under section 26 of that act and thereby prevent the forfeiture of the car under section 3450 of the Revised Statutes of the United States?"

The Supreme Court returned the following answer:

"Construing the fifth question as referring to the prosecution with effect, we answer the question in the affirmative."

And the court gave as its reason for the conclusion reached that the disposition of the automobile prescribed in section 26 of title 2 of the National Prohibition Act (Comp. St. § 10138½mm) became mandatory after its driver's conviction, and, being inconsistent with the disposition under section 3450, Rev. St., necessarily precluded resort to the proceedings under the latter section.

We have carefully considered the question of the applicability of this decision of the Supreme Court to the case before us, and are constrained to hold that it is not to be given application. The inconsistency there referred to between the provisions of the two enactments considered does not here exist, since there was no prosecution with effect of the charge of transportation, that count of the indictment having been dismissed. Said section 26 provides that:

"When the Commissioner, * * * or any officer of the law, shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and * * * arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title."

Then follow directions as to proceedings to be taken for the disposition of the automobile.

While the section, in directing that the officer shall take possession of the vehicle, makes use of the words "transported or possessed," when referring to the liquor discovered in process of transportation, it is quite clear that the gravamen of the offense is the unlawful transportation, and that the disposition of the vehicle therein provided refers to this element of the transaction. The statute elsewhere (section 3 of title 2 thereof [Comp. St. § 10138½aa]) makes possession of intoxicating liquor an offense, for which a punishment is provided by section 29 of title 2 (Comp. St. § 10138½p). We do not think that Congress, having provided for the forfeiture of the offender's interest in the vehicle as a penalty for transportation, and a different punishment for unlawful possession of intoxicating liquor, intended to create a third offense, namely, possession in transportation, the penalty for which would include a forfeiture already incurred by reason of the act of transporting.

It follows, we think, that a prosecution for possession merely must be referred to section 3 of title 2 of the act, and in the case before us that is the only offense of which the driver of the automobile was convicted. Such conviction, as we have seen, did not entail the disposition of the automobile provided by section 26.

[1, 2] The government is here seeking to forfeit the automobile by virtue of section 3450 of the Revised Statutes, upon a charge of concealing therein tax-unpaid intoxicating liquor with intent to evade payment of the tax. The conviction of unlawful possession under the National Prohibition Act is no bar to proceedings under said section of the Revised Statutes. Two acts made penal may be separately punished, though both are involved in but one transaction. Gracie v. U. S. (C. C. A.) 15 F.(2d) 644; Bell v. U. S. (C. C. A.) 285 F. 145, certiorari denied 262 U. S. 744, 43 S. Ct. 521, 67 L. Ed. 1211; Earl et al. v. U. S. (C. C. A.) 4 F.(2d) 532; Albrecht et al. v. U. S. (decided by U. S. Supreme Court Jan. 3, 1927) 47 S. Ct. 250, 71 L. Ed. ——. The disposition of the automobile not being involved in a conviction for possession merely, if the government could make out a case of concealment with intent to evade payment of tax, under section 3450, although based upon the same transaction in which the conviction of illegal possession was had, it was at liberty to do so, and to follow the proceeding thereby provided for the forfeiture of the offending vehicle.

[3] Appellant's remaining contention is that there was no evidence that the tax on the liquor seized had not been paid. We think there was sufficient evidence before the trial court to sustain its conclusion to the contrary. In its decision that court summarized the evidence upon the point in the following terms:

"A seaport near Canadian line; smuggling of liquors, foreign brands and labels; hearsay to plaintiff's agents that the auto driver was handling smuggled liquors; watched several deliveries prior to the instant seizure, illicit in so far that the driver was subsequently convicted for illegal possession; no taxes paid on imported liquors in this collection district in four years, and had any been elsewhere paid the bottles would have borne stamps accordingly, * * *" which the evidence shows they did not.

· · And, as said by Judge Cushman in the case of U. S. v. One White One-Ton Truck (D. C.) 4 F.(2d) 413, 414:

, "The court takes judicial notice of the fact that the Commissioner of Internal Revenue will not issue such a permit [that referred to in section 1, par. 813, Tariff Act of 1922, 42 Stats. at Large, 898, being Comp. St. § 5841a] for the importation of such spirits into a state having what is popularly known as a 'bone dry' law, as has the state of Washington. Under such conditions there is no presumption warranted in law that spirits so seized have paid the tax; rather, the only presumption reasonably warranted is that the tax has not been paid."

. This disposes of the questions raised. The decree is affirmed.