### UNITED STATES v. ONE OLDSMOBILE COUPÉ et al.

District Court, D. Idaho, S. D. October 8, 1927.

No. 1319.

**1. Internal revenue &#8660;46—Evidence showing absence of labels or stamps on containers of liquor held to establish nonpayment of tax in proceeding to forfeit automobile (Rev. St. § 3450 [26 USCA §§ 1181, 1182]).**

In proceeding under Rev. St. § 3450 (26 USCA §§ 1181, 1182 [Comp. St. § 6352]), to forfeit automobile, evidence *held* sufficient to establish nonpayment of tax on intoxicating liquor concealed therein, where containers had no labels, marks, or stamps showing payment of tax, and liquor was possessed in state having bone dry law.

**2. Evidence &#8660;48—Internal revenue &#8660;27(1) —Courts take judicial notice that Commissioner of Internal Revenue will not issue permit for importation of liquor into bone dry state; presumption is that tax on liquor imported into bone dry state has not been paid.**

Courts take judicial notice of fact that Commissioner of Internal Revenue will not issue permit for importation of liquor into state having bone dry law, and presumption is indulged that tax on liquor imported into such state has not been paid.

**3. Internal revenue &#8660;46—Evidence of concealment in automobile of liquor without paying tax held to establish intent to defraud United States, warranting forfeiture of car (Rev. St. § 3450 [26 USCA §§ 1181, 1182]).**

In proceeding under Rev. St. § 3450 (26 USCA §§ 1181, 1182 [Comp. St. § 6352]), to forfeit automobile for possession of intoxicating liquors on which tax had not been paid, evidence of nonpayment of tax and concealment and transportation of liquor in automobile *held* to establish intent to defraud United States of tax.

**4. Internal revenue &#8660;46—Where driver of car containing liquor was proceeded against for possession only, failure to institute proceedings for forfeiture under National Prohibition Act did not preclude forfeiture under revenue law (Rev. St. § 3450 [26 USCA §§ 1181, 1182]; National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Failure of district attorney to proceed under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), for forfeiture of automobile engaged in transportation of intoxicating liquors, *held* not to preclude forfeiture proceedings under revenue law (Rev. St. § 3450 [26 USCA §§ 1181, 1182; Comp. St. § 6352]), for nonpayment of tax with intent to defraud United States, where driver was not proceeded against for transportation of liquor, but only for having possession.

**5. Intoxicating liquors &#8660;247—Automobile containing liquor may not be forfeited under statute merely because of unlawful possession (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), automobile in which liquor is concealed may not be forfeited merely because driver pleaded guilty to unlawful possession of liquor, but transportation must be shown.

**6. Criminal law &#8660;200(4)—Unlawful possession and transportation of intoxicating liquors are separate offenses (National Prohibition Act [27 USCA]).**

Under National Prohibition Act (27 USCA), unlawful possession of intoxicating liquor and transportation thereof are separate offenses, and conviction of one is not bar to prosecution for other, though both are involved in same transaction.

**7. Internal revenue &#8660;46—United States held not precluded from proceeding to forfeit car containing liquor by driver's plea of guilty of possession, where neither driver nor owner had been convicted or acquitted of transporting liquor therein (Rev. St. § 3450 [26 USCA §§ 1181, 1182]; National Prohibition Act [27 USCA]).**

United States *held* not precluded from seeking forfeiture of automobile for possession of liquor with intent to defraud United States of tax, under Rev. St. § 3450 (26 USCA §§ 1181, 1182 [Comp. St. § 6352]), by driver's plea of guilty of possession, where neither driver nor owner of automobile had been convicted or acquitted of transporting intoxicating liquor therein under National Prohibition Act (27 USCA).

Forfeiture Libel. Proceeding by the United States against one Oldsmobile coupé,

serial No. DC10506, motor No. E24432, with James R. Kerley as claimant, in which the Pacific Acceptance Corporation, as claimant, intervened. Decree of forfeiture.

H. E. Ray, U. S. Dist. Atty., and Wm. H. Langroise, Asst. U. S. Dist. Atty., both of Boise, Idaho.

J. P. Pope and Fisher & Coffin, all of Boise, Idaho, for claimants.

CAVANAH, District Judge. The United States filed a libel in the usual form against one Oldsmobile automobile, alleging that there was deposited and concealed therein whisky less in amount than five gallons, upon which a tax is imposed, with intent to defraud the United States of said tax, contrary to section 3450 of the Revised Statutes (Comp. Stats. § 6352 [26 USCA §§ 1181, 1182]). The Pacific Acceptance Corporation intervened as claimant and filed an answer, setting up three separate defenses. The first presented the issue of whether the government had established that the tax was unpaid on the intoxicating liquor transported in the automobile. The second asserted that the burden is upon the government to prove the intent to defraud the United States of the tax. The third set up that, when James R. Kerley, the driver of the automobile, was discovered in the act of transporting liquor in the automobile, it then became the duty of the district attorney to proceed under section 26 of title 2 of the National Prohibition Act (27 USCA § 40) for a forfeiture of the automobile, and failure to do so precluded a forfeiture under section 3450. It is further contended that intervener holds title and a lien under a contract of sale by reason of the default of Kerley in making the payments therein provided for, and that intervener is innocent with respect to the use of the automobile for illegal transportation. The driver, Kerley, also contends that, while he is not prosecuted under the National Prohibition Act for the offense of transporting intoxicating liquor in the automobile, yet his plea of guilty of possessing intoxicating liquor at the time in question is a bar to a forfeiture of the car in this proceeding.

The case was presented upon an agreed statement of facts, and that part relating to the questions for decision discloses that on the 19th day of March, 1927, at Boise, Kerley deposited and concealed within the automobile whisky in an amount less than five gallons, and while doing so he was arrested and the automobile seized by the officers. On April 19, 1927, the district attorney filed an information, charging Kerley with the unlawful possession of intoxicating liquor in violation of the National Prohibition Act, to which he entered a plea of guilty, that Kerley paid no tax to the United States under the internal revenue laws on said liquor, and that there were, at the time of the arrest, no labels, marks, or stamps upon the containers thereof to show or indicate that any tax had been paid thereon to the United States. Kerley states that he did not know where the liquor was manufactured. There was no tax paid in the internal revenue district of Idaho on said liquor during the past five years. The liquor was purchased by Kerley about two miles west of Mountain Home, in Idaho, and placed in the automobile and brought to Boise. The intervener Pacific Acceptance Corporation had no knowledge that the automobile was being used or was to be used for the transportation or concealment of liquor.

[1, 2] An analysis of the evidence sustains the conclusion that the tax on the liquor seized had not been paid to the United States, as it is disclosed thereby that Kerley paid no tax thereon; that there were no labels, marks, or stamps upon the containers of the liquor to show that any tax had been paid at any place; and that none had been paid in the internal revenue district of Idaho during the past five years. Idaho has what is popularly known as a "bone dry" law, and the courts are taking judicial notice of the fact that the Commissioner of Internal Revenue will not issue a permit for the importation of liquor into such a state, and the presumption is indulged in that the tax had not been paid.

[3] This line of reasoning was adopted in the case of United States v. One White One-Ton Truck (D. C.) 4 F.(2d) 413, 414, and which was approved and cited in the opinion of the Circuit Court of Appeals, Ninth Circuit, in the case of Commercial Credit Co. v. United States (C. C. A.) 17 F.(2d) 902, 903. The liquor found in the automobile was subject to the basic production tax, and the tax not being paid, and the liquor having been concealed and transported in the automobile, establishes under the record the intent to defraud the United States of the tax.

[4] It further appears from the record that Kerley, the driver of the automobile, was not proceeded against for the transportation of liquor in the automobile, as the only charge filed against him was for having possession of intoxicating liquor. Therefore the third contention of intervener and Kerley is disposed of and decided adversely to them by the Ninth Circuit Court of Appeals in the

recent case of Commercial Credit Co. v. United States, supra. In that case Judge Kerrigan, in referring to section 26 of the National Prohibition Act and section 3450 of the Revised Statutes, said:

"While the section, in directing that the officer shall take possession of the vehicle, makes use of the words 'transported or possessed,' when referring to the liquor discovered in process of transportation, it is quite clear that the gravamen of the offense is the unlawful transportation, and that the disposition of the vehicle therein provided refers to this element of the transaction. The statute elsewhere (section 3 of title 2 thereof; Comp. St. § 10138½aa) makes possession of intoxicating liquor an offense, for which a punishment is provided by section 29 of title 2 (Comp. Stat. § 10138½p). We do not think that Congress, having provided for the forfeiture of the offender's interest in the vehicle as a penalty for transportation, and a different punishment for unlawful possession of intoxicating liquor, intended to create a third offense, namely, possession in transportation, the penalty for which would include a forfeiture already incurred by reason of the act of transporting.

"It follows, we think, that a prosecution for possession merely must be referred to section 3 of title 2 of the act, and in the case before us that is the only offense of which the driver of the automobile was convicted. Such conviction, as we have seen, did not entail the disposition of the automobile provided by section 26.

"The government is here seeking to forfeit the automobile by virtue of section 3450 of the Revised Statutes, upon a charge of concealing therein tax-unpaid intoxicating liquor with intent to evade payment of the tax. The conviction of unlawful possession under the National Prohibition Act is no bar to proceedings under said section of the Revised Statutes. Two acts made penal may be separately punished, though both are involved in but one transaction. Gracie v. U. S. (C. C. A.) 15 F.(2d) 644; Bell v. U. S. (C. C. A.) 285 F. 145, certiorari denied 262 U. S. 744, 43 S. Ct. 521, 67 L. Ed. 1211; Earl et al. v. U. S. (C. C. A.) 4 F.(2d) 532; Albrecht et al. v. U. S. (decided by U. S.

Supreme Court Jan. 3, 1927) [273 U. S. 1] 47 S. Ct. 250, 71 L. Ed. 505. The disposition of the automobile not being involved in a conviction for possession merely, if the government could make out a case of concealment with intent to evade payment of tax, under section 3450, although based upon the same transaction in which the conviction of illegal possession was had, it was at liberty to do so, and to follow the proceeding thereby provided for the forfeiture of the offending vehicle."

[5, 6] There could not be a forfeiture of an automobile under the National Prohibition Act merely because the driver pleaded guilty to unlawful possession of liquor. The unlawful possession of intoxicating liquor and the transportation thereof are two separate offenses under the National Prohibition Act. The conviction of one is not a bar to the prosecution of the other, although both are involved in the same transaction. Gracie v. United States (C. C. A.) 15 F.(2d) 644; Albrecht et al. v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505 (decided Jan. 3, 1927).

[7] Unless the driver or owner of the automobile has been convicted or acquitted of transporting intoxicating liquor in the automobile under the National Prohibition Act, the government would not be precluded from seeking a forfeiture of the vehicle under section 3450. This principle has been sustained by the Ninth Circuit on several occasions. National Surety Co. v. United States (C. C. A.) 17 F.(2d) 372; United States v. One Fageol Truck (C. C. A.) 17 F.(2d) 373. See, also, United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025 (decided Nov. 22, 1926). Had the owner or driver of the automobile been charged and acquitted of transporting intoxicating liquor in the automobile in violation of the National Prohibition Act, then such acquittal would be a bar to a proceeding to forfeit the automobile under section 3450; but such is not the case. National Surety Co. v. United States (C. C. A.) 17 F.(2d) 369.

As the facts in this case do not show any legal reasons as to why section 3450 does not apply, it follows that a decree of forfeiture may be presented.