## GENERAL MOTORS ACCEPTANCE CORPORATION v. UNITED STATES et al.

Circuit Court of Appeals, Eighth Circuit.
April 4, 1929.

No. 8200.

Bruce McClelland, Jr., of Oklahoma City, Okl. (Philip Pierce and L. G. Kneeland, both of Oklahoma City, Okl., on the brief), for appellant.

Frank Lee, U. S. Atty., of Muskogee, Okl. (W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before KENYON, Circuit Judge, and FARIS and SANBORN, District Judges.

FARIS, District Judge. The case is a proceeding by libel to condemn and sell, under the provisions of section 3450, R. S. (26 USCA §§ 1181, 1182), a certain Buick automobile, seized by certain federal prohibition agents, while such automobile was being used for the deposit and concealment of intoxicating liquor, with intent to defraud the United States of the tax due on such liquor.

Appellant herein, as the innocent holder by assignment of a conditional sale agreement, intervened in the libel suit and set up its financial interest in the seized automobile, and prayed for the dismissal of the libel and for an order that such automobile be delivered to it by the marshal, in whose custody it was. Appellant, seemingly at the same time it intervened (though filemarks are lacking and the matter is dark on

the record), filed its motion to quash the libel, *on the sole ground, however,* of the nonapplicability of section 3450, R. S., to the situation set out in the libel. This motion to quash was not urged till after all of the evidence had been offered on a trial on the merits. When it was then called to the attention of the court an amendment in matters of averment was made; but such matters, as forecast already, were neither mentioned nor urged in the motion to quash.

The case was tried to the court, a jury being waived, and the court found for libelant, and entered a decree of condemnation and for the sale of the automobile, for the use and benefit of the United States.

The short and somewhat meager facts are: That one Stormont, a federal prohibition agent, arranged with one Wagon for the sale and delivery in the town of Seminole in the Indian country of certain whisky. A few minutes later, Wagon and one Withrow were seen in the Buick car in controversy. They were arrested; the car was searched, and three gallons of illicit whisky were found concealed in the car. This whisky came from an illicit distillery and, of course, bore no revenue stamps, or other indicia that the internal revenue tax thereon had been paid. Subsequent to such seizure, Withrow and Wagon were indicted for the possession of intoxicating liquor in the Indian country, contrary to the provisions of section 244 of title 25 U. S. C. (25 USCA); but when this case was tried no trial had yet been had on such indictment.

Many assignments of error are made by appellant; but in the last analysis they all may be included among these three contentions: (a) That the court erred in permitting the libel to be amended after all of the evidence had been offered; (b) that the evidence was insufficient to show any intent to defraud the government of any tax; and (c) that section 3450, R. S., has no application; but because there was an inferential transportation, section 26 of the National Prohibition Act (27 USCA § 40) applied and it was a duty, made mandatory on the government by section 26, supra, to proceed under the latter section and no other.

■ If, ordinarily, the act of the trial court in allowing the amendment would have constituted error (and this point we do not rule), we are of the opinion that it was not error under the peculiar facts here. Appellant filed a motion to quash the libel, *on the sole ground that section 3450, R. S., had no application.* This motion was not urged, or even called to the attention of the court,

till after the case, upon a trial on the merits had progressed to a conclusion of the hearing of all of the evidence adduced therein. The libel here, till amended, was obviously insufficient in matters of averment; but appellant never raised that point below. The trial court, however, concluded that the allegations of the libel were insufficient, and allowed the amendment here complained of. The manner of attack· was informal, and untimely. Moreover, the only point raised upon the motion to quash is yet in the case; so this contention of appellant is disallowed.

■ ■ Appellant next urges that there is no sufficient evidence in the case to show that Withrow and Wagon, in what they did, had any intent to defraud the government of any tax on the distilled spirits deposited and concealed in the automobile. It is admitted in the brief of appellant that whisky was found concealed in the automobile and, also, that such whisky "was subject to the basis (sic) production tax." The latter concession is one of law and is fortified by the case of United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

The case was tried before the court sitting as a jury. So if there is any substantial evidence to sustain the finding of the court upon the question of intent, an appellate court may not interfere. Wabash Ry. Co. v. Drainage District (C. C. A.) 12 F.(2d) 913. In the case of United States v. One Ford Coupé, supra, the facts under review were very similar to those in the case at bar; certainly, the evidence there was no stronger than it is here upon the point of the intent of those in possession of the whisky. But upon this point the court said: "It is argued that Killian's purpose cannot have been to evade the tax; that it was only to violate the Prohibition Act. The place from which the removal is made, and the special relation to the manufacturer or importer of him who used the vehicle, are of evidential significance only. Knowledge that liquor was illicitly distilled may tend to prove knowledge that it was tax-unpaid. Removal or concealment of the liquor with such knowledge may tend to prove an intention to deprive the United States of the tax due thereon."

It is too plain for argument that ordinarily the question of the intent of removal, concealment, or deposit of intoxicating liquor, must be shown by circumstantial evidence; because there is usually no other way to prove it. The fact that there is also an intent to sell the liquor, in violation of some

statute forbidding, has but little to do with the question. Both intents may be present at one and the same time in the mind of the seller. If he shall be successful in making a sale of the liquor, he evades payment of the tax he was due to pay, and so has defrauded the government out of such tax. So, he may well be presumed to have intended to do that thing which a fully consummated sale would inevitably have brought about. United States v. One Marmon Automobile (D. C.) 5 F.(2d) 113. The intent necessary in the case then may be inferred as a matter of circumstantial evidence, from the facts: (a) That Wagon and Withrow possessed this whisky and were concealing it; (b) that they so possessed and concealed it in so-called "bone-dry" territory; (c) that it was illicit liquor, the containers of which bore no indicia of having paid a tax; (d) that the liquor was subject by law to a basic production tax; and (e) it may be presumed from the fact that the liquor was illicit, that the possessors thereof had knowledge that it was tax-unpaid. United States v. One Ford Coupé, supra; United States v. One Oldsmobile Coupé (D. C.) 22 F.(2d) 441; United States v. One White Truck (D. C.) 4 F.(2d) 413; Commercial Credit Co. v. United States (C. C. A.) 17 F.(2d) 902; Weeke v. United States (C. C. A.) 14 F.(2d) 398; Commercial Credit Corp. v. United States (C. C. A.) 18 F.(2d) 927.

Coming to the contention that section 3450, supra, has no application here, but that section 26 of the National Prohibition Act is wholly applicable, it is obvious that this contention is bottomed on a fundamental error. It was not here the mandatory duty of the officers to proceed under section 26, supra. They could proceed, as they did proceed, under section 244, supra; because this possession was had in territory judicially known to be what is called the Indian country. So the question is, Were the officers compelled to proceed under section 246, title 25, U. S. C. (25 USCA), as amended by section 247, title 25, U. S. C. (25 USCA), having elected to prosecute criminally under section 244, title 25 U. S. C. (25 USCA), or could they proceed as they here did, under section 3450, R. S.?

The only questions left in the case then, are whether section 3450, R. S., is in effect in, and is applicable to, a seizure in the so-called Indian country, and whether section 3450, supra, warrants, in such country, the condemnation of an automobile used as a vehicle of concealment and deposit of intoxicating liquor, on which taxes had not been paid,

with intent to defraud the government of such tax.

We know of no reason why it is not applicable. Obviously, this section was in force in the state of Oklahoma before the adoption of the Eighteenth Amendment and the passage of the National Prohibition Act, even though it may have been, as to the Indian country, forbidden to brew beer, make wine, or distill spirits therein. Surely no immunity would have attached to a vehicle loaded with nontax-paid spirits from the mere fact that such vehicle had got over the state line into the Indian country of Oklahoma from a state wherein the making of liquor was lawful, and into territory whereat it was not lawful.

While the facts shown by the record fairly disclose that those in charge of the car had been engaged just before the car was seized in transporting liquor therein; yet the libel charges that the car was being used as an instrumentality of concealment and deposit only; it does not charge that it was being used either to remove or transport liquor. No such words are to be found in the libel.

The question here then is, mutatis mutandis, the identical question which was before the Supreme Court of the United States in the case of United States v. One Ford Coupé, supra, upon a situation and facts which, in principle, differ in no material respect from those in the case at bar. In the Ford Coupé Case, supra, the Supreme Court held that, where liquor was deposited and concealed in an automobile, with the intent to defraud the government of tax thereon, libel to condemn and sell the automobile under section 3450, supra, would lie, and that in such situation section 3450 was not repealed by any provision of the National Prohibition Act. This case is even narrower. The criminal statutes which denounce as crimes and forbid the possession in, and the introduction into, the Indian country of intoxicating liquor, were in existence years before the passage of the National Prohibition Act. It is settled law that these statutes, or at least that to which the government has here resorted for criminal prosecution, are still in force and have not been repealed, or at all affected by the National Prohibition Act. These special territorial acts for many years existed, if we may express it in the vernacular, side by side with section 3450, supra. It may well be that resort could have been had to sections 246 and 247, title 25, U. S. C. (25 USCA); that is, that the libel here could have been based on the latter sections, rather than on section 3450. But this was not done. And if it had

been done, appellant would have been in no better case, since the last decision of this court on the question holds that the rights of owners and lienors, although such owners and lienors are innocent of knowledge and participation in the fraud alleged, are nevertheless wiped out [Hawley v. United States (C. C. A.) 15 F.(2d) 621] by the provisions of the Act of March 2, 1917, 39 Stat. 970; section 247, title 25, U. S. C. (25 USCA).

It follows from these views that the case should be affirmed, which accordingly is ordered.