## In re BARTNICK.
### No. C–3117.

District Court, E. D. New York.
Oct. 19, 1934.

Seymour Brener, of Brooklyn, N. Y. (Antonio D'Alessandro, of Brooklyn, N. Y., of counsel), for petitioner.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine Smith, Asst. U. S. Atty., of New York City, of counsel), for the United States.

MOSCOWITZ, District Judge.

This is a motion for the release of a Pontiac sedan, bearing license number Y3936 N. Y. 1934.

All the petition states is, the residence of the petitioner and that he is the owner of the automobile in question, which was parked in front of premises 186 Sackett street, Brooklyn, when seized by federal agents. The only other statement contained in the petition, except the demand for relief clause, is: "That at the time of the seizure of said Pontiac Sedan there was no contraband of any kind in the said automobile and the said automobile was illegally seized without cause." The statement contained in this clause is obviously a conclusion and no relief could be granted thereon. The answering affidavits are full and complete.

It appears that on August 18, 1934, one Jack Montaperto (not the petitioner) was in the automobile in question in front of premises 186 Sackett street, Brooklyn, N. Y. Police Officer Nicastro, of the police force of the city of New York, makes an affidavit that he observed Montaperto backing the automobile in the roadway in front of the premises. As Officer Nicastro approached, Montaperto brought the automobile to a standstill. The officer asked Montaperto if he had an automobile license. Montaperto replied he had none. The officer then asked him who owned the car, and Montaperto stated it was owned by a friend, but he failed to furnish the name of the friend to the officer. The officer on searching the automobile found in the rear thereof a five-gallon metal can containing grain alcohol. The can bore no stamps or labels of any sort. The officer then asked Montaperto, "What are you doing with this alcohol?" After some hesitation, Montaperto replied: "I am delivering it for my father."

The automobile and alcohol were seized by the officer and delivered to the custody of the Alcohol Tax Unit of the United States Internal Revenue Service on August 28, 1934. The seizure was adopted by said Unit.

It is a crime to transport distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits. See title 2, § 201, of the Liquor Taxing Act of 1934 (26 USCA § 267).

It was proper to make a seizure of said automobile if, at the time and place of seizure, it was being used for the possession and transportation of alcohol upon the container of which there were no stamps showing payment of the United States internal revenue tax. See Rev. St. § 3450 (title 26 U. S. C. § 1181 [26 USCA § 1181]); also, U. S. v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Commercial Credit Corp. v. U. S. (C. C. A. N. Y.) 18 F.(2d) 927; U. S. v. One Oldsmobile Coupe (D. C.) 22 F.(2d) 441.

The motion is denied, with leave to renew upon proper papers, unless the government files a libel within ten days.