### HESTER v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 8, 1922.)

No. 1977.

1. **Internal revenue ☞47—Evidence based on observation as to whether liquor was tax-paid held insufficient.**

On a trial for removing distilled spirits on which the tax had not been paid from a distillery, etc., testimony based on the broken particles of a bottle and observation of liquor, after it had been poured on the ground, that it was "new corn liquor," or "untax-paid liquor," or "blockade liquor," *held* insufficient to show that the spirits were not tax-paid.

2. **Internal revenue ☞47—That liquor was new corn whisky insufficient to show tax not paid.**

That liquor in a jug and bottle, which defendant was seen by revenue officers to break, was new corn whisky, did not show that the tax had not been paid thereon.

3. **Internal revenue ☞47—When quantity of liquor was less than five gallons, burden was on government to show tax had not been paid.**

If the quantity of liquor in receptacles which defendant and another were seen to destroy had been more than five gallons, the absence of stamps showing payment of the tax would have placed on defendant the burden of showing the tax had been paid; but where the quantity was less than five gallons, defendant was entitled to the benefit of the presumption that the tax had been paid, and the burden was on the government to show the contrary to the satisfaction of the jury and beyond a reasonable doubt.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge

Charlie Hester was convicted of an offense, and he brings error. Reversed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. P. Burbage, of Greenville, S. C., for plaintiff in error.

Ernest F. Cochran, U. S. Atty., of Anderson, S. C. (Joseph A. Tolbert, Asst. U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Before KNAPP, WOODS and WADDILL, Circuit Judges.

WADDILL, Circuit Judge. Plaintiff in error, Charlie Hester, was indicted on the 11th of March, 1919, for violation of the provisions of section 3296 of the United States Revised Statutes (Comp. St. § 6038), the revenue law then existing. The indictment contained two counts—one charging removal of certain distilled spirits, to wit, one quart, upon which the tax had not been paid, from a distillery to the grand jurors unknown to a place other than a distillery warehouse provided by law; and the second count charging that the defendant unlawfully concealed, and did aid and abet in concealing, the said one quart of distilled spirits theretofore removed from a certain distillery to the grand jurors unknown to a place other than a distillery warehouse provided by law.

The defendant appeared in answer to the indictment, and pleaded not guilty. A jury was impaneled, and evidence adduced for the government and the defendant, at the conclusion of which the defendant moved the court to direct a verdict of not guilty, because of the failure of the proof to show that the quart of spirits was not tax paid. This motion the court overruled, and charged the jury on the law and facts of the case, and a verdict of guilty was rendered against the defendant, and judgment entered by the court, from which action this writ of error was sued out.

[1-3] The evidence indisputably shows that the defendant was seen to hand what was supposed to be a bottle of spirits to one Henderson, who ran off and broke the bottle, and that the defendant also was seen to take a jug supposed to contain a gallon of spirits from an automobile, and run away with and break the jug, scattering the contents on the ground. Two revenue officers testified that the contents of the jug, which they judged of from that on the ground, and the remnants in broken particles of glass, consisted of blockade whisky. One of the witnesses testified he knew it when he saw it, and the other witness referred to it as "new corn liquor," "untax-paid liquor—blockade liquor." Still it is manifest, from a careful review of the entire testimony, that the witnesses used the words "blockade" and "untax-paid" as synonymous terms for untax-paid spirits. This was the only suggestion in the evidence indicating that the spirits was not tax-paid.

This will not suffice to show whether, in dealing with a package of whisky containing less than five gallons, it was in point of fact tax-paid or not. The mere fact that it was new corn whisky would not show that the tax had not been paid, as, perchance, it might have come from a registered distillery and bonded warehouse. In this case the spirits covered by the indictment consisted of less than five gallons, namely, a quart, and the defendant is entitled to the benefit of the presumption that the tax had been paid. The burden was upon the government to show to the contrary. If the quantity had been greater than

five gallons, the absence of stamps showing payment of the tax would place upon the accused the burden of showing that the tax had been paid. It was incumbent upon the government, in the circumstances of this case, where the tax on the spirits was presumed to have been paid, to establish the contrary by proof to the satisfaction of the jury beyond a reasonable doubt, which we think it utterly failed to do, and hence that the defendant's motion to instruct a verdict in his behalf, should have been sustained. The case, it seems to us, falls strictly within the decision of this court in Dukes v. United States, 275 Fed. 142, where the very question of the sufficiency of the proof of nonpayment of the tax, based upon mere observation of the spirits by witnesses, was involved. The court in that case held, as we hold here, that certainly in a prosecution under this section of the law, where nonpayment of the tax is the essence of the offense, the proof clearly failed to establish such nonpayment, and hence in this case there should be a reversal of the decision of the lower court.

Reversed.