## UNITED STATES v. ONE CADILLAC AUTOMOBILE BEARING MOTOR NO. 61–V–238 (REVOL, Intervener).

(District Court, E. D. Illinois. October 1, 1923.)

No. 1893.

1. **Internal revenue 🗝46—Automobile held subject to forfeiture for use in removing liquor with intent to evade the tax thereon.**

The fact that distilled spirits, being illegally transported in an automobile, not on the way to a port of export, were in quart bottles bearing export strip stamps, but no other stamps, is prima facie evidence that the spirits were withdrawn for export, tax free, and were being removed with intent to defraud the United States of the tax thereon, and under Rev. St. § 3450 (Comp. St. § 6352), the automobile is subject to forfeiture as against the owner and any lienholder.

2. **Internal revenue 🗝2—Statute as to forfeiture of vehicles held not repealed by Prohibition Act.**

Rev. St. § 3450 (Comp. St. § 6352), providing for prosecution and forfeiture of vehicle in case of arrest for removal of any commodity with intent to defraud the United States of a tax thereon, was not repealed as to intoxicating liquors by National Prohibition Act, tit. 2, § 26.

Libel of Forfeiture. Proceeding by the United States against one Cadillac automobile, bearing motor No. 61–V–238, wherein Gus D. Revol intervened. Judgment of forfeiture.

Lawrence T. Allen, Asst. U. S. Atty., of Danville, Ill.

Gunn, Penwell & Lindley, and Harold Lindley, all of Danville, Ill., for intervener.

LINDLEY, District Judge. It appears from the record and stipulation of the parties that some 228 quart bottles of distilled spirits containing more than one-half of one per cent. of alcohol, whisky, was being illegally transported in the car in question; that the owner was prosecuted for illegal transportation of same and convicted. The liquor was confiscated and the automobile libeled. The petitioner, intervening, claims the automobile by virtue of a chattel mortgage upon the same, the validity of which is beyond question.

[1] The libel is under section 3450 of the Revised Statutes (Comp. St. § 6352), alleging that the automobile was being used in the removal

of the liquor with intent to defraud the United States of the legal tax upon bonded distilled liquor. Under the terms of the said act, if the facts offered in the libel are true, the government is entitled to the automobile as against the owner and all lienholders irrespective of lack of knowledge upon the part of the lienholder that the law was being violated. U. S. v. Mincey, 254 Fed. 287, 65 C. C. A. 575, 5 A. L. R. 211 (C. C. A. 5th Circuit), and cases there cited.

The bottles in question bear revenue strip stamps passing over their mouths stating that they were bottled for export. They bear no other stamp of any character. The Act of Congress of August 27, 1894, c. 349, § 48, 28 Statutes at Large, 563 (Comp. Stat. § 5986), Barnes Code. § 5173, provides that on and after the passage of the act there shall be levied and collected upon all distilled spirits a tax of $1.10 on each proof gallon and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon. This act to said extent superseded the Act of July 20, 1868, c. 186, §§ 1 and 4, 15 Stat. 125 (Comp. Stat. § 5985). Distilled spirits may be withdrawn from bonded warehouses for export in accordance with section 3330, Revised Statutes, Act June 9, 1874, c. 259, § 2, 18 Stat. 64; Act May 28, 1880, c. 108, § 11, 21 Stat. 148, sections 5295 and 5293 of Barnes Code (Comp. St. §§ 6127, 6125), tax free. Distilled spirits were formerly allowed to be withdrawn from a bonded warehouse in bottles upon payment of the tax in accordance with the provisions of the Act of March 3, 1897, c. 379, § 1 (Comp. Stat. § 6070). It is evident from the strip stamps attached to the bottles in this case and the absence of any other stamp that this liquor was withdrawn for export, tax free.

The only question now before the court is whether or not there is any evidence by which it can be said that this liquor was being removed for the purpose of defrauding the United States of the tax. As above noted, all distilled spirits are subject to tax except such as is withdrawn for export and such as is legally withdrawn for use by the government or other special purposes. There is no testimony directly to the facts that the tax upon the spirits contained in the bottles in the case at bar had been paid or that it had not been paid. If it had been paid, of course, the libel cannot succeed. If it has not been paid, the court will imply an intent upon the part of one who is illegally transporting liquor on which the tax was not paid to defraud the United States of the tax, as every man must intend to do that which is the natural result of his acts. So, if the owner here was illegally transporting distilled liquor upon which the tax had not been paid, he was thereby evading the tax and will be presumed to have intended thereby to defraud the United States of the tax. The important question, therefore, is whether or not this tax has been paid.

The testimony on the part of the government's expert, the clerk in the internal revenue collector's office, is that liquor withdrawn for export without payment of tax must have attached to the bottles, containing same, strip stamps showing that the same is bottled for export; that liquor withdrawn from a warehouse not intended for export must have attached to each bottle a strip stamp pasted over the bottle's mouth containing certain information; and that all liquor bottled and

removed from a warehouse without such strip stamp is illegally removed. This testimony, of course, is merely a conclusion of the witness as to the laws and regulations.

The Act of March 3, 1897, provides that whenever distilled liquor shall be removed from the warehouse the cases or casks shall bear the required marks and brands and tax paid stamps or export stamps, as the case may be; that every bottle when filled shall have affixed thereto and passing over the mouth of the same such appropriate suitable adhesive engraved strip stamp as may be prescribed by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury. In pursuance of that act, the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, has promulgated certain regulations and instructions known as Regulations No. 23. Article 15 provides that the bottling shall be conducted under the supervision of a storekeeper who shall supervise the filling and stamping of the bottles. Article 24 provides that strip stamps for bottled liquor not intended for export and, therefore, not tax free, shall state the proof of the spirits, the registered distillery number, the state and district in which the distillery is located, the real name of the actual bona fide distiller, the year and distilling season, whether spring or fall, of original inspection or entry into bond, and the date of bottling. These stamps are, in pursuance of article 27 of the regulations, issued in book form by the collectors. Article 20 provides that when the liquor has been tested by the storekeeper or gauger it may be drawn off into bottles and that the bottles shall be stamped and cased under his supervision; that he shall supervise the affixing of strip stamps and see that they are firmly and securely attached so as to necessitate their destruction upon opening of the bottle. It is further provided that the storekeeper will refuse to allow any case to be removed from the warehouse the bottles in which have not been filled, stamped, and cased in accordance with the law and these regulations.

It follows from the law and the regulations that this liquor apparently was removed from the distillery for the purpose of export and, therefore, tax free, for the strip stamps on the bottles are export strip stamps. There is no presumption that the governmental employees violated the law or disregarded the regulations. The exportation of liquor is likewise governed by certain provisions and regulations from which it appears that one who is illegally transporting liquor in Illinois cannot possibly have been complying with the statutes and regulations governing export. Therefore this liquor was in transportation in domestic commerce in Illinois illegally, and inasmuch as no tax is required for the exportation of liquor, the clear conclusion is that the liquor had been withdrawn and was in transportation with a fraudulently declared intent to export it tax free, which exportation was not completed, with a necessary resultant intent to evade the tax imposed upon all other liquor and defraud the United States of the same. If there were no strip stamp of any kind, there might be no presumption of nonpayment of tax, a question not now decided. But the presence of an export strip stamp raises a presumption of nonpayment of tax. If after being legally removed from the warehouse for export the spirits

are again returned to the warehouse or wrongfully diverted into domestic commerce, the law and regulations subject the liquor at once to the payment of the tax due on all except export spirits.

Independent of this, the Revised Statutes, section 3333, Barnes Code, § 5299 (Comp. St. § 6130), provides that whenever seizure is made of any distilled spirits found elsewhere than in a distillery or distillery warehouse or other legal warehouse or in transit from one of said places, the burden of proof shall be upon the claimant of said spirits to show that no fraud has been committed and that all the requirements of the law in relation to the payment of the tax have been complied with. This probably does not apply to the case at bar.

In the case of Dukes v. United States, 275 Fed. 142, and Hester v. United States, 284 Fed. 487, the Circuit Court of Appeals for the Fourth Circuit required the government to prove that the liquor seized had not been tax paid and held that there is a presumption of law that where liquor is found in vessels of less capacity than five wine gallons, the tax has been paid. It would seem that the court there overlooked the statute and regulations with regard to the attaching of strip stamps. The government had offered no evidence as to whether the tax had been paid, but merely grounded its case upon the fact that the liquor was moonshine liquor. If the court there intended to hold that the law was such that in the present case, where the strip stamp indicates that the liquor was removed for export tax free, the presumption is that the tax is paid, this court cannot accede to the correctness of their view.

[2] It is contended by the petitioner that section 3450 (Comp. St. § 6352) has been repealed by the provisions of the present Prohibition Act, even through the latest act of Congress, that is, the Act of November 23, 1921 (42 Stat. 222), expressly re-enacts the previous provisions of the statutes covering distilled liquors except where in direct conflict with the Prohibition Act. The Supreme Court in the case of United States v. Stafoff, 260 U. S. 478, 43 Sup. Ct. 197, 67 L. Ed. 358, expressly held that the former provisions of the law have been re-enacted except where in direct conflict with the Prohibition Law. While title 2, section 26, of the Prohibition Law gives to the court certain discretion in protecting lienholders in cases of seizure of means of conveyance of liquor, and section 3450 gives to the court no discretion but provides for the absolute forfeiture of the means of conveyance, it does not follow that they are in direct conflict, for section 26 is made to apply when a car is seized upon the ground that the National Prohibition Law has been violated, while section 3450 applies only when a car is seized upon the ground that the liquor is being removed or concealed with intent to defraud the United States. The law may be harsh, but with the policy of Congress the court has nothing to do.

It follows, therefore, that these essential propositions are established: That distilled spirits, as defined by law, in quart bottles bearing export strip stamps were being illegally transported in Illinois and were not on their way to any port of embarkation; that no other strip stamp was attached; that prima facie at least no tax had been paid

upon this liquor as provided by law, but that the same had been removed from the warehouse and put into transportation under the guise of being liquor for export in violation of law; that the person moving it, independent of the question who should have paid the tax, knowing that he was illegally transporting liquor which was bottled for export tax free, must have intended that the same should be transported and removed without the payment of the tax, which was thus being evaded.

Therefore the prayer of the intervening petitioner should be denied and judgment allowed as prayed for in the libel, and it is so ordered.