## COMMERCIAL CREDIT CORPORATION v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
April 4, 1927.

No. 297.

1. **Internal revenue** ⬤⟹12—In forfeiture proceedings, alcohol found in automobile must be deemed subject to basic production tax, whether legally or illegally made (Comp. St. § 6352).

Alcohol found in an automobile, whether legally or illegally made, must be deemed subject to basic production tax, in proceeding for forfeiture under Rev. St. § 3450 (Comp. St. § 6352).

2. **Internal revenue** ⬤⟹46—Illegal possession of liquor in five-gallon packages, without stamp, is presumptive evidence that basic production tax was unpaid (Comp. St. §§ 6030, 6130).

Illegal possession of liquor in five-gallon packages, bearing no stamp or mark indicating payment of basic production tax, is presumptive evidence that the tax was unpaid, in view of Rev. St. §§ 3289, and 3333 (Comp. St. §§ 6030, 6130).

3. **Internal revenue** ⬤⟹46—Unlawful transportation of liquor in unstamped five-gallon packages warrants finding of intent to defraud United States of tax, notwithstanding persons in charge denied knowledge of tax (Comp. St. § 6352).

Evidence of concealment in transportation of alcohol in five-gallon packages, bearing no stamp or mark indicating payment of tax, is evidence from which an intent to defraud the United States of the tax thereon can properly be found in proceedings under Rev. St. § 3450 (Comp. St. § 6352), for forfeiture of automobile, though persons in charge declared that they were ignorant of the law imposing such tax.

4. **Internal revenue** ⬤⟹46—Proceeding for forfeiture of automobile cannot be maintained under revenue statute pending prosecution of persons in charge, under Prohibition Act (Comp. St. § 6352; National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]; Willis-Campbell Act, § 5).

Proceeding for the forfeiture of an automobile under Rev. St. § 3450 (Comp. St. § 6352), for illegal transportation of liquor, being unauthorized after conviction of persons in charge, cannot be maintained during pendency of prosecution of such persons, in view of National Prohibition Act, tit. 2, § 26 (Comp.

St. § 10138½mm), and Willis-Campbell Act, § 5 (42 Stat. 223).

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the United States against one Reo commercial automobile, in which the Commercial Credit Corporation intervened as claimant. Decree for libelant, and claimant appeals. Reversed, and libel dismissed.

The United States filed a libel against one Reo commercial automobile, alleging that there were removed, disposed, and concealed therein 100 gallons of distilled spirits, whereon a tax is imposed, with intent to defraud the United States of said tax, contrary to section 3450 of the Revised Statutes (Comp. St. § 6352). The Commercial Credit Corporation intervened as claimant, and filed an answer setting up three separate defenses. The first presented the issue whether the arrest of the persons in control of the automobile and the pendency of proceedings charging them with a violation of the Prohibition Act precluded forfeiture of the vehicle under section 3450. The second asserted such forfeiture would deprive the claimant of its property without due process of law. The third set up claimant's title and its innocence with respect to the use of the automobile for the illegal transportation. These separate defenses were ordered to be stricken from the answer.

The case then came on for trial by the court, the jury being waived, upon an agreed statement of facts. Utica Motor Car Corporation had sold the automobile under a conditional sale contract to one Di Bendetto. The claimant for value and in good faith had purchased the rights of the vendor under said contract. There remained due thereon the sum of $328.30. Both the vendor and the claimant acted in good faith, and were innocent of any knowledge that the car was to be used to transport liquor illegally. Di Bendetto lent the vehicle to two friends, Lamonica and Calabresse, for the express purpose of bringing a load of grapes from Rochester to Utica in the state of New York. Without his consent or knowledge, these two men used the car to transport 20 five-gallon cans of ethyl alcohol. On October 6, 1926, in the city of New York, the vehicle was stopped by a city policeman, who arrested the two men and seized the alcohol and the vehicle. The following day the two men were arraigned before a United States commissioner on a complaint filed by the police officer charging them with the unlawful possession and transportation of the intoxicating liquor found in said vehicle in violation of the Prohibition Act. They were held by the commissioner on these charges, and on November 9, 1926, an information was filed against them by the United States attorney. On the day on which they were arraigned before the commissioner the automobile was taken by an agent of the Federal Prohibition Administrator and placed in storage in a warehouse rented by said administrator. On December 9, 1926, the United States attorney filed this proceeding to condemn the vehicle under section 3450. On this date Lamonica and Calabresse had not been tried upon the information charging them with violating the Prohibition Act. It does not appear what, if anything, has subsequently occurred in that prosecution. The cans of alcohol seized in the vehicle bore no stamps, marks, brands, or labels indicating tax payment or compliance with the requirements of the Prohibition Act. Lamonica and Calabresse say they were not aware of any tax on distilled spirits or intoxicating liquor.

The order appealed from decreed that all right, title, and interest of the claimant in the vehicle in question be condemned as forfeited to the United States.

Duane R. Dills and Frank H. Towsley, both of New York City, for appellant.

Emory R. Buckner, U. S. Atty., and C. D. Williams, Asst. U. S. Atty., both of New York City.

Before HOUGH, MANTON, and SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). The libel was brought under section 3450 of the Revised Statutes (Comp. St. § 6352), which provides:

"Whenever any goods * * * in respect whereof any tax is or shall be imposed, * * * are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, * * * every * * * conveyance * * * used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

[1, 2] We must take it as established that the alcohol found in the automobile, whether legally or illegally made, was subject to the basic production tax. United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. ——, decided Nov. 22, 1926. The illegal possession of liquor in 5-gallon packages, bearing no stamp or mark indicating payment of the required tax, is presumptive evidence that the tax was unpaid. See Hester v. United States, 284 F. 487 (C. C. A. 4); United States v. Sykes (D. C.) 58 F.

1000, 1004; Seiden v. United States, 16 F. (2d) 197 (C. C. A. 2); sections 3289, 3333 Rev. Stat. (Comp. St. §§ 6030, 6130).

[3] The alcohol was being concealed and removed in the vehicle, and there was evidence from which an intent to defraud the United States of the tax thereon could properly be found by the District Court. Concealment and removal of the tax-unpaid goods by illegal transportation in the automobile were presumptive evidence of an intent to defraud the United States of the tax thereon, despite the statements of the persons in charge of the vehicle that they were ignorant of the law imposing such tax. The fact that their primary interest may have been to violate the prohibition law need not prevent the court from inferring an intent also to evade the tax law, as such evasion would necessarily result from their concealment and removal of the alcohol. United States v. One Cadillac Automobile, etc. (D. C.) 292 F. 773; United States v. One White One-Ton Truck (D. C.) 4 F. (2d) 413; The Ella (D. C.) 9 F.(2d) 411. The decree must be sustained, therefore, unless the agreed facts render section 3450 inapplicable. Indeed, the correctness of the decree, if this section be applicable, was not disputed.

[4] The sole question presented and argued was whether the pendency of a prosecution of the persons in charge of the vehicle for violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) precluded the United States from seeking a forfeiture of the vehicle under section 3450. This question was expressly left open by the Supreme Court in its opinion in Port Gardner Investment Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. ——, decided November 23, 1926, which held that, after conviction of the automobile driver, the disposition of the vehicle prescribed in section 26, tit. 2, National Prohibition Act (Comp. St. § 10138½mm), became mandatory, and, being inconsistent with the disposition under section 3450, precluded resort to proceedings under the latter section.

Said section 26 provides:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an offi-

18 F.(2d)—59

cer he shall take possession of the vehicle * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title; * * * but the said vehicle * * * shall be returned to the owner upon execution by him of a good and valid bond. * * * The court upon conviction of the person so arrested * * * unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, * * * shall pay all liens, according to their priorities."

The Willis-Campbell Act (Act of November 23, 1921, c. 134, § 5, 42 Stat. 222) has continued in force or re-enacted all laws in regard to taxation of intoxicating liquor not directly in conflict with the prohibitory legislation. In the Ford Coupé Case, supra, it was held that there was no direct conflict between section 26 of the Prohibition Act and section 3450 of the Rev. Stat., as applied to the facts then before the court.

Mr. Justice Brandeis said (page 158) that it is clearly possible to apply to a particular state of facts either one or the other remedy, and to give the government the choice. But, in reply to the argument that the commencement of proceedings under section 26 barred the government from electing to proceed under section 3450, he said further that no election of remedies was involved because section 26 is applicable only if a person is discovered in the act of transporting liquor illegally, and there was no allegation of transportation in the libel before him. His opinion closed with the statement:

"There is no allegation that Killian, who had possession of the automobile, has ever been prosecuted. It appears that a complaint was made, but not that a warrant issued, or that he was arrested, or even that he was found. The motion to quash must be determined on the showing in the libel."

In the case at bar are present all the facts alluded to by Justice Brandeis as missing in the case under consideration by him. Lamonica and Calabresse were discovered in the act of transporting liquor in violation of law. Forthwith, under section 26, it became the duty of the officer to seize the liquor, to take possession of the vehicle, to arrest the persons in charge thereof, to proceed at once against them "under the provisions of this title," and to hold the vehicle (unless the owner should give bond) to abide the result of the trial of the persons arrested. All of these duties were

fully performed except the last mentioned. That duty has been violated if it be assumed that the Prohibition Administrator ceased, on December 9, 1926, to hold the vehicle to await the outcome of the prosecution and thereafter held it under the provisions of section 3450. In these circumstances, we believe there is a direct conflict between the two sections in question, and that section 26 must control the disposition of the vehicle. This view was very clearly stated by Mr. Justice Stone in his concurring opinion in the Ford Coupé Case. The same view is expressed by Mr. Justice Butler in his concurring opinion in Port Gardner Investment Co. Case, supra.

Counsel for the United States appears to concede the correctness of this position, saying that it is extremely difficult to escape the conclusion that section 26 commands, when the given state of facts exists, a proceeding under its own terms. He then argues that section 26 is applicable only when the discovery of the act of illegal transportation is made by a federal officer, not when made by a city policeman.

We should hesitate to adopt a construction of the statutes which would leave the determination of which section is applicable to the mere accident of whether the discovery of the violation of law were made by a federal officer or by a state officer. If the phrase, "any officer of the law," as used in section 26, should, as argued, be construed not to include a city policeman, nevertheless his discovery may be adopted by the United States as well as may his seizure. See Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. ——, decided November 23, 1926.

When persons in charge of a vehicle used for the illegal transportation of liquor have been arrested and prosecuted by the government for violation of the Prohibition Act, section 26 plainly directs that the proceedings shall be carried through to a forfeiture of the vehicle under the terms of that section, which saves the rights of innocent owners and lienors. It is settled that, after the conviction of such persons, forfeiture under section 3450 is forbidden. To say it is permitted during the pendency of the prosecution and up to the moment of conviction would be most inequitable to innocent owners and lienors, and would put a premium upon dilatory prosecution in order that forfeiture of the vehicle might be secured before conviction of the offending persons. We do not find in the Supreme Court decisions anything which compels us to take this view.

The decree is reversed and the libel dismissed, with costs to the appellant.

HOUGH, Circuit Judge, concurred in the result, but, owing to absence, has not seen this opinion.