### MICKLE v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
July 1, 1929.

No. 8301.

E. M. Ditmon, of Ft. Smith, Ark., for appellant.

S. S. Langley, U. S. Atty., of Ft. Smith, Ark.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge. In the District Court the appellant was prosecuted under an

indictment in two counts. In the first count it was charged that he removed and aided and abetted in the removal of distilled spirits in the amount of six gallons, upon which the tax imposed by law had not been paid, from a distillery to a place other than a bonded warehouse. In the second count it was charged that he unlawfully concealed the same quantity of distilled spirits which had theretofore been removed to a place other than a bonded warehouse and upon which the tax imposed by law had not been paid. He was found guilty by a jury and sentenced to imprisonment and the payment of a fine. The evidence at the trial showed only that the defendant was in the possession of and in the act of transporting by automobile 12 half-gallon jars of whisky and that there were no internal revenue stamps on any of these jars.

The indictment is based on section 404, title 26, U. S. Code (26 USCA § 404), which is as follows: "Whenever any person removes, or aids or abets in the removal of any distilled spirits on which the tax has not been paid, to a place other than the bonded warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or removes, or aids or abets in the removal of any distilled spirits from any distillery warehouse, or other warehouse for distilled spirits authorized by law, in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than $200 nor more than $5000, and imprisoned not less than three months nor more than three years."

Of the crime charged in the first count of this indictment there are three elements: First, the spirits removed must have been spirits on which the tax has not been paid; second, removal must have been from a distillery; third, removal must have been to a place other than a bonded warehouse provided by law. Of the crime charged in the second count of the indictment also there are three elements: First, the spirits concealed must have been spirits on which the tax was not paid; second, they must have been concealed by the defendant; third, they must have been spirits which had been removed from a distillery. Of the several elements of the two crimes charged, all of which must be proved before the crimes are proved, the fact that the tax on the spirits involved had not been paid may be said to be the most essential element. Certainly it is a necessary element, and certainly the crimes charged are not proved unless it is proved that on the spirits involved the tax had not been paid.

Now in this case the only proof having any reference to this indispensable element of the crimes charged was that there were no internal revenue stamps on any of the half-gallon jars of whisky which the appellant had possession of and was transporting. Unless a presumption that the tax had not been paid arises from that fact, then this necessary element was not proved.

The fact that the half-gallon glass jars which the appellant had in his possession did not have on them internal revenue stamps was not sufficient to raise a presumption that the tax had not been paid and shift the burden of proof as to that element of the crimes charged from the government to the appellant. Dukes v. United States (C. C. A. 4) 275 F. 142, 146; Hester v. United States (C. C. A. 4) 284 F. 487, 488.

Prior to national prohibition it was entirely lawful to have in one's possession and to transport distilled spirits of less than five gallons in a container bearing no stamps. No provision of the law required stamps to be affixed to containers of less than five gallons of distilled spirits. See sections 266, 332, 335, title 26, U. S. Code (26 USCA §§ 266, 332, 335).

In Dukes v. United States, supra, in which the indictment was identical with that here, the proof showed that the defendant had in his possession a gallon jug and a quart can each containing corn whisky. It does not appear from the statement of facts whether there was proof that there were no stamps upon the jug and can. The only testimony on the subject of whether the tax had been paid was that of a witness who gave it as his opinion that the whisky possessed by the defendant was "blokade" whisky. The court (C. C. A. 4) said: "A package or cask of less capacity than five wine gallons containing distilled spirits was not required by law to have upon it any stamps, marks, or brands denoting the payment of the tax on the contents. * * * When distilled spirits were found in a vessel of less capacity than five wine gallons, the law presumed that it was tax paid, and the burden was upon the party alleging the contrary to prove it, and in a criminal case to prove it to the satisfaction of a jury beyond a reasonable doubt."

In Hester v. United States, supra, where the same question was involved and where the only proof as to whether the tax had been paid was the testimony of a witness that the liquor was "new corn liquor," "untax paid liquor," "blockade liquor," the court (C. C.

A. 4) said: "This will not suffice to show whether, in dealing with a package of whisky containing less than five gallons, it was in point of fact tax paid or not. The mere fact that it was new corn whisky would not show that the tax had not been paid, as, perchance, it might have come from a registered distillery and bonded warehouse. In this case the spirits covered by the indictment consisted of less than five gallons, namely, a quart, and the defendant is entitled to the benefit of the presumption that the tax had been paid. The burden was upon the government to show to the contrary. If the quantity had been greater than five gallons, the absence of stamps showing payment of the tax would place upon the accused the burden of showing that the tax had been paid. It was incumbent upon the government, in the circumstances of this case, where the tax on the spirits was presumed to have been paid, to establish the contrary by proof to the satisfaction of the jury beyond a reasonable doubt, which we think it utterly failed to do, and hence that the defendant's motion to instruct a verdict in his behalf, should have been sustained."

The fact that in this case the appellant had in his possession more than five gallons of whisky does not affect the situation, since he did not have any one container of more than five gallons. The presumption that the tax has not been paid only arises from the absence of stamps from a container having in it more than five gallons.

■ Nothing was proved against the appellant except possession and transportation of intoxicating liquor, offenses under the National Prohibition Act for which he might have been prosecuted and of which upon the record here he was clearly guilty. It was entirely within the rights of the appellee to proceed against him under the internal revenue laws, with their heavier penalties, but it then had a heavier burden of proof which here it did not sustain. The appellant was entitled to a directed verdict of not guilty. That was not asked by him. Appellant did ask, however, that the court instruct the jury that mere proof of transportation of intoxicating liquor was not proof of the crime charged. Where, as here, only transportation (and, incidentally, possession) was shown, it was error to refuse this instruction. The judgment should be and is reversed for that error and because it appears from the whole record that there was total failure to prove an essential ingredient of the crime charged.