## GENERAL MOTORS ACCEPTANCE CORPORATION v. UNITED STATES.

### Nos. 5483, 5484.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1930.

B. J. Manley, of Detroit, Mich. (Dykema, Jones & Wheat, of Detroit, Mich., on the brief), for appellant.

G. S. Fitzgerald, of Detroit, Mich. (John R. Watkins, of Detroit, Mich., on the brief), for the United States.

Before MOORMAN, MACK, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

These cases involve a consideration of the circumstances under which an automobile may be forfeited under Rev St. § 3450 (26 USCA § 1181). In each case, the automobile was discovered by border patrol immigration inspectors, while moving in the vicinity of the Detroit river, the one in the city of Detroit, and the other near Wyandotte. Upon the approach of the officers, the driver, in each instance, fled, leaving the automobile unattended. Both automobiles were found to contain large quantities of assorted Canadian liquor which bore no United States revenue stamps. The pivotal question is, therefore, whether that which otherwise might be considered mere transportation of illicit liquor, in violation of the National Prohibition Act, may be treated by the government as a removal and concealment under section 3450, and whether the necessary implication or presumption of intent to "defraud" the United States of the tax upon such liquor sufficiently arises from the facts stated. The opinion of the District Court is reported in 30 F. (2d) 830. In that opinion we concur, and it is necessary to add but little to what was there said.

Since the decision of the Supreme Court in U. S. v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, it is no longer open to question that taxes imposed by the government upon intoxicating liquor apply to illicit as well as to legally warehoused liquor; that section 3450 was not superseded, or repealed by implication, by section 26 of title 2 of the National Prohibition Act (27 USCA § 40), but still remains in force and effect; and that if the intent to defraud the United States of the tax be established by competent evidence, the use of the vehicle for the purpose of removal or concealment satisfies the requirement of section 3450. The only question open for consideration is whether the stipulations, as to the facts in the present actions, contain any substantial evidence or basis whatsoever for the finding of an intent to defraud the government of the tax.

In each of the present instances the drivers escaped arrest by flight and there has been, and could be, no prosecution under the National Prohibition Act, so as to give effect to the doctrine of Port Gardner Investment Co. v. U. S., 272 U. S. 564, 47 S. Ct. 165,

71 L. Ed. 412, and Commercial Credit Co. v. U. S., 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541. Assuming substantial evidence in the record of an intent to evade the payment of taxes, we are of the opinion that the government may proceed, ab initio, under section 3450, especially in a case, such as these, where no conviction is possible as a condition precedent to forfeiture under section 26, and no arrest was made, nor prosecution started, under the National Prohibition Act.

 The cases thus turn wholly upon the question whether there was any substantial evidence of intent to evade the tax. The contention is that no tax could have been paid, that the so-called taxes are thus penalties, and that the only conceivable intent was to violate the Prohibition Act. Compare, Commercial Credit Co. v. U. S., 5 F.(2d) 1 (C. C. A. 6). This same contention was urged upon the Supreme Court in U. S. v. One Ford Coupe Automobile, supra, and is answered at pages 328 and 329 of 272 U. S., 47 S. Ct. 154, 156, 157. Doubtless, intent to violate the National Prohibition Act was the only conscious, and certainly the chief, purpose of the illegal transportation. But, on the other hand, depriving the government of the basic tax (section 900, Revenue Act of 1926 [26 USCA § 245]) was a necessary and inseparable incident, or concomitant, to the successful accomplishment of the purpose of him who was transporting. That one must be held to anticipate and to intend the necessary, or even the obviously probable, results of his premeditated act, is a principle so firmly established as to require no citation of authority. The intent is thus implied from the circumstances of the case. Compare Commercial Credit Co. v. U. S., 18 F.(2d) 927 (C. C. A. 2); U. S. v. C. I. T. Corp., 31 F. (2d) 680 (C. C. A. 3); U. S. v. One Studebaker Coach Automobile, 32 F.(2d) 866 (C. C. A. 9); U. S. v. Cadillac Automobile, 292 F. 773 (D. C. Ill.); U. S. v. One Marmon Automobile, 5 F.(2d) 113 (D. C. Ga.); U. S. v. One White One-Ton Truck, 4 F.(2d) 413 (D. C. Wash.); U. S. v. One Oldsmobile Coupe, 22 F.(2d) 441 (D. C. Idaho).

In U. S. v. One Studebaker Coach Automobile, supra, the automobile was not moved but the package containing the tax-unpaid liquor had just been placed within it. It was held that the automobile was subject to forfeiture under section 3450. In U. S. v. C. I. T. Corp., supra, the truck was abandoned by its driver after precipitous flight, and the truck was likewise held forfeitable under section 3450. These cases are almost precisely in point, and, if U. S. v. One Ford Coupe Automobile means anything, it must establish that, notwithstanding the prohibition of all manufacture and importation of liquor, taxes are still collectible thereon, and that it is still possible to defraud the government of such taxes by acts which evade and defeat collection thereof. Whatever may be the views of any Circuit Court of Appeals or District Court as to the logic of this position, it is the duty of such court to accept and apply the doctrine. If susceptible of proof at all, a fraudulent intent appears here, where, in addition to the fact of nonpayment of the tax, we have the surreptitious importation of the liquor into the United States, the attempt to carry it inland and the flight of the drivers. This evidence, we think, constitutes substantial proof of an intent to place the liquor in the channel of illicit trade without the payment of the tax. This, in law, is to evade such tax and to defraud the government thereof.

The appellant cites and relies upon the decision in The Squanto, 13 F.(2d) 548 (C. C. A. 2), in which it was held that a boat entering the harbor of New York, laden with intoxicating liquor, was not subject to forfeiture under section 3450. This case is distinguishable from the present case, in that here the liquor had acquired a situs, even though temporary, within the country; while there it was still making its entrance into the harbor, in the vessel upon which it had been carried from Nassau.

The judgment of the District Court is affirmed.