## CALDWELL v. UNITED STATES.
### No. 3903.

Circuit Court of Appeals, Fourth Circuit.

June 21, 1935.

John T. Simms, of Charleston, W. Va. (F. N. Alderson, of Charleston, W. Va., on the brief), for appellant.

W. A. Thornhill, Jr., Asst. U. S. Atty., of Beckley, W. Va. (George I. Neal, U. S. Atty., and L. R. Via, Asst. U. S. Atty., both of Huntington, W. Va., and Charles M. Love, Jr., Asst. U. S. Atty., of Charleston, W. Va., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

The appellant, George Caldwell, was convicted at the April term, 1935, of the District Court of the United States for the Southern District of West Virginia, at Charleston, upon an indictment charging a violation of section 3296, Revised Statutes of the United States (26 USCA § 404). The first count in the indictment charged appellant, who will be here referred to as the defendant, with removing, and aiding and abetting in the removal of certain distilled spirits, to wit, three pints, upon which the tax imposed by law had not been paid, from an unknown distillery to a place other than the distillery warehouse provided by law. The second count charged the defendant with unlawfully concealing and aiding and abetting in the concealment of the same distilled spirits which had theretofore been removed from an unknown distillery to a place other than a distillery warehouse provided by law. After a plea of not guilty and a trial before a jury, a verdict was returned finding the defendant guilty as charged in the indictment. A motion was made to set aside the verdict, which motion was overruled, to which action the defendant, by his counsel, excepted; thereupon the trial judge fined the defendant $1,000 and sentenced him to three years' imprisonment on count No. 1 and sentenced him to imprisonment of two years on count No. 2, from which judgment this appeal was brought.

Investigators of the alcohol department of the federal government had information that the defendant was engaged in running whisky into the state of West Virginia and found him in an automobile in Nicholas county, W. Va., on March 27, 1935. Defendant was accosted and arrested by the investigators, accompanied by a West Virginia state policeman. On being searched, three pints of what was described as "moonshine whisky" were taken from his pockets, the officers stating that they could see a bottle in his pocket at the time of the arrest.

There are a number of assignments of error, all of which are not necessary to be considered here. The first question which we will discuss deals with the ad-

missibility of certain evidence to the effect that ten years before, the defendant had been convicted of a violation of the National Prohibition Act (27 USCA § 1 et seq.). At the time of the trial the defendant was twenty-six years of age and one of the government witnesses, an investigator of the alcohol department of the United States, was permitted, over the objection of defendant's counsel, to testify that an investigation he had made showed that the defendant had been sentenced, in a federal court, about the year 1925, for violation of the National Prohibition Act. This prior conviction of the defendant happened ten years before the trial when the defendant was a mere youth of sixteen years of age. While it is well settled that evidence of similar transactions may be admissible, under certain circumstances, as bearing upon the question of intent, purpose, design, or knowledge, the transaction, the testimony as to which was here permitted to be presented to the jury, was entirely too remote and the evidence was not admissible. A discussion of this point, by Judge Parker of this court, will be found in the case of Breedin v. United States (C. C. A.) 73 F.(2d) 778. The admission of this testimony was reversible error.

Another point relied upon on behalf of defendant involves the question as to whether the proof offered by the prosecution that the tax had not been paid upon the whisky found upon the person of the defendant was sufficient.

The Revised Statutes formerly provided that all casks or packages containing five gallons or more of distilled spirits should have thereupon the stamp required by law. Revised Statutes, § 3289, USCA title 26, § 266, Revised Statutes, § 3320, as amended, USCA title 26, § 332, Revised Statutes, § 3323, as amended, USCA title 26, § 335. Under these statutes evidence here offered would not have been sufficient to prove, beyond a reasonable doubt, that the tax had not been paid upon the whisky found on the defendant. Mickle v. United States (C. C. A.) 33 F.(2d) 684; Hester v. United States (C. C. A.) 284 F. 487; Dukes v. United States (C. C. A.) 275 F. 142. However, Congress on January 11, 1934, changed these provisions of the law. Section 267, title 26 USCA (c. 1, title 2, § 201, 48 Stat. 316), provides:

"No person shall (except as provided in section 268 of this title) transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits. * * *"

The absence of any stamp on the bottles found on the defendant raised the presumption that the tax had not been paid and the evidence was sufficient to take the case to the jury on this point.

The judgment of the court below is reversed and the defendant awarded a new trial.

Reversed.